UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lavisha Green,<br>Plaintiff,<br><br>v.<br><br>Progressive Casualty Ins. Co.,<br>Defendant. | CASE NO.: 2:25-CV-12529-BHH-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964, and violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et. seq*.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. The charge of employment discrimination on basis of racial discrimination was filed by the Plaintiff with the State of South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission (EEOC).

    b. Notice of the Right to Sue was received from EEOC on or about September 11, 2025.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Lavisha Green, is a citizen and resident of Berkeley County, South Carolina.

6. The Defendant, Progressive Casualty Ins. Co., is upon information and belief, is an insurance company licensed in the State of South Carolina, and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and FMLA.

9. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

11. The Defendant is an industry that affects commerce within the meaning of Title VII and FMLA.

12. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

13. On or about February 28, 2022, Plaintiff (African American) began working for the Defendant as a CL Customer Care Advocate, and more recently as a Claims Adjuster. At all times, the Plaintiff was efficient and effective in her work.

14. During the Plaintiff's employment she was subjected to racial discrimination by Megan Fix, Supervisor, Amy Batty, Senior Manager, and Brian Bennett, Supervisor.

15. On or about May 11, 2023, the Plaintiff reported to Ms. Batty that Ms. Fix was discriminating against her based on her race, and Ms. Fix was not signing off on Plaintiff's claims for her clients. Ms. Batty dismissed everything that the Plaintiff said about Ms. Fix.

16. On or about May 23, 2023, the Plaintiff sent a message to Dominique Moore, Human Resources Consultant, requesting to transfer back to Commercial. Ms. Moore never responded to the Plaintiff. The Plaintiff then contacted Human Resources' Customer Service, and they provided Plaintiff with contact information for Christine Graves, Human Resources Manager. Ms. Graves explained Plaintiff's options to either transfer back or apply for a new position.

17. On or about May 23, 2023, the Plaintiff applied for a new position. On or about May 24, 2023, Ms. Fix removed Plaintiff from claims without notifying her, which stopped Plaintiff from getting new claims.

18. On or about May 26, 2023, Ms. Batty contacted Plaintiff to ask why she applied for a new job. The Plaintiff told her that Ms. Graves gave her the option, but Ms. Batty stopped Plaintiff from getting the position.

19. On or about May 31, 2023, the Plaintiff then contacted Ms. Batty to request that she be moved from Ms. Fix's team to Austin Faulk's team. Once again Plaintiff was denied a transfer.

20. On or about June 1, 2023, the Plaintiff had a meeting with Ms. Moore again where she requested to transfer to Mr. Faulk's team. Ms. Moore began to defend Ms. Fix and that the decision would be up to Amy as to whether she could transfer to another team.

21. On or about June 7, 2023, Plaintiff again had another meeting with Ms. Moore, due to Ms. Batty not allowing her to transfer. Ms. Batty was also denying Plaintiff from graduating from her training position. The next day Plaintiff received her certificate of graduation

22. On or about June 13, 2023, the Plaintiff, Ms. Moore, Ms. Batty and Mr. Bennett had a Teams meeting to discuss Plaintiff's transition from trainee to non-trainee employee. After the meeting, Mr. Bennett stated he would have to add Plaintiff's attendance to a tracker due to her not coming into the office. The Plaintiff explained that there were no issues and that she had been approved to work from home and had in fact been working from home and had not missed any work.

23. On or about June 15, 2023, Mr. Bennett and Ms. Batty had added 15 extra diaries to Plaintiff's normal workload.

24. On or about June 22, 2023, Plaintiff notified Ms. Moore that she would need FMLA due to her anxiety and major depressive disorder. The Plaintiff is a person with a serious medical condition as defined by the FMLA.

25. Plaintiff was then placed on continuous FMLA leave at that time.

26. During Plaintiff's FMLA leave, Ms. Moore repeatedly contacted Plaintiff to inform her she was under investigation but would not explain what it was about.

27. On or about September 13, 2023, the Plaintiff received an email from Ms. Moore wherein. Ms. Moore terminated the Plaintiff's employment.

28. Plaintiff was entitled to a continuous 12-week period of FMLA leave through September 18, 2023.

29. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

30. But for the Plaintiff needing to take FMLA and her reports of racial discrimination, she would not have been terminated.

31. The Plaintiff asserts that the reasons given for her termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on her need for FMLA and reports of racial discrimination.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

33. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

34. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

35. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

36. The acts of the Defendant violated the Family and Medical Leave Act as they were in retaliation for her taking leave for FMLA.

## FOR A FIRST CAUSE OF ACTION
### Violation of Family and Medical Leave Act

37. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

38. The Plaintiff is informed and believes that upon his request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of her employment as a result of her having requested such leave is a violation of her rights under said statute.

39. The Plaintiff had to take leave because of a serious medical condition – Anxiety and Major Depressive Disorder – and that is a serious medical condition as defined by the Act.

40. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

41. The Defendant's discipline against Plaintiff and discharge of Plaintiff following her notification of her medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

42. The Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

43. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with prejudgment interest thereon, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Racial Discrimination - Title VII

44. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

45. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

46. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on her race and/or color;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

47. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

48. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

49. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, she would not have been terminated.

50. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

51. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

52. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

53. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

54. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

55. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

56. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

57. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

58. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been terminated.

59. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

60. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

61. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

62. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

63. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

64. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant

**RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had he been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/*Charles W. Neely*
Charles W. Neely (Fed. I.D. #12913)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
September 12, 2025