UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lavisha Green, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:25-cv-12529-BHH |
| v. ) | |
| ) | **ORDER** |
| Progressive Casualty Ins. Co., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Lavisha Green's ("Plaintiff" or "Green") complaint alleging employment discrimination against Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive"). (ECF No. 1.) On October 8, 2025, Defendant filed a motion to compel arbitration and to stay this action pending arbitration. (ECF No. 6.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review, and on November 5, 2025, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion, thereby compelling arbitration and staying this case pending the completion of arbitration. (ECF No. 9.) Plaintiff filed objections to the Magistrate Judge's Report, Defendant filed a reply, and the matter is ripe for review. (ECF Nos. 10, 11.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As an initial matter, the Court notes that the Magistrate Judge's Report includes a thorough outline of the relevant background facts, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates the Magistrate Judge's background and repeats only what is necessary to evaluate Plaintiff's objections.

In Defendant's motion to compel arbitration and to stay this action, Defendant asserts that Plaintiff's claims are within the scope of a valid arbitration agreement. As the Magistrate Judge also noted in her Report, the Federal Arbitration Act ("FAA") governs the arbitrability of this dispute. Under the FAA, a district court must compel arbitration and stay court proceedings if the parties have agreed to arbitrate their dispute. 9 U.S.C. § 2, 3. If the validity of the arbitration agreement is in issue, a district court must first decide if the arbitration clause is enforceable against the parties. *Id*. § 4. "'[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001)

(quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

"Motions to compel arbitration in which the parties dispute the validity of the arbitration agreement are treated as motions for summary judgment." *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011). "Accordingly, arbitration should be compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Erichsen v. RBC Cap. Mkts., LLC*, 883 F. Supp. 2d 562, 566-67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56). "Defendant, as the party seeking to enforce the Agreement, bears the initial burden of 'persuading this court that the parties entered into an enforceable arbitration agreement.'" *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-cv-03365-DCN, 2016 WL 4247738, at *5 (D.S.C. Aug. 11, 2016). "If defendant makes such a showing, then 'the burden shifts to the plaintiff[s] to show that even though there was some written contract, [they] did not actually agree to it-because the[ir] signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement." *Id.*

In her Report, the Magistrate Judge thoroughly analyzed the mutual arbitration agreement at issue and was not persuaded by Plaintiff's argument that the agreement is an unconscionable contract of adhesion. (ECF No. 9 at 7-12.) The Magistrate Judge also disagreed with Plaintiff's assertion that the agreement contains an illusory promise. (*Id.* at 12-14.) As a result, the Magistrate Judge concluded that Plaintiff's claims fall within the purview of a valid arbitration agreement. (*Id.* at 14.)

Plaintiff sets forth a single objection to the Magistrate Judge's Report, namely, that the Magistrate Judge failed to address Plaintiff's demand for a jury trial under 9 U.S.C. § 4.  (ECF No. 10 at 1.)  As Defendant points out in reply to Plaintiff's objections, however, § 4 of the FAA applies only where the "making of the arbitration agreement or the failure, neglect, or refusal to perform the same" is at issue.  9 U.S.C. § 4.  Here, Plaintiff does not challenge the existence of the arbitration agreement, and the Court thus finds no merit to Plaintiff's objections.  Furthermore, after *de novo* review, the Court fully agrees with the Magistrate Judge's analysis of and findings pertaining to Plaintiff's challenges to the enforceability of the arbitration agreement.

## CONCLUSION

Based on the foregoing, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 9); the Court overrules Plaintiff's objections (ECF No. 10); and the Court grants Defendant's motion to compel arbitration and stay this action (ECF No. 6).  Accordingly, this matter is hereby stayed pending the parties' completion of arbitration.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

December 9, 2025
Charleston, South Carolina